## 22 CV 6093-W



Revised 03/06 WDNY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

**FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**
(Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

**A.    Full Name And Prisoner Number of Plaintiff:** NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. RANDY WILLIAMS #18·B·1836
2. _____

-VS-

**B.    Full Name(s) of Defendant(s)** NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. SEAN P. WHITE          4. ANTHONY RODRIGUEZ
2. MICHAEL A. HILL        5. ANTHONY J. ANNUCCI
3. GARY A. SPENGIER       6. DANIEL T. KACZMAREK JR.

See Attachment

### 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: RANDY WILLIAMS # 18·B·1836

Present Place of Confinement & Address: WENDE CORRECTIONAL FACILITY
3040 Wende Road
Wende Road P O BOX 1187, Alden, NEW YORK 14004-1187

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

FULL NAME OF DEFENDANT
CONTINUED... (B)

7. DANIEL M. LEONARD

8. JASON ZIOLKOWSKI

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: SEAN P. WHITE

(If applicable) Official Position of Defendant: Deputy Superintendent of Security

(If applicable) Defendant is Sued in ___X___ Individual and/or ___X___ Official Capacity

Address of Defendant: Attica Correctional Facility
639 Exchange Street, Attica, New York 14011-0149

Name of Defendant: MICHAEL A. HILL

(If applicable) Official Position of Defendant: Deputy Superintendent of Program

(If applicable) Defendant is Sued in ___X___ Individual and/or ___X___ Official Capacity

Address of Defendant: Attica Correctional Facility
639 Exchange Street, Attica, New York 14011-0149

Name of Defendant: GARY A. SPENGIER

(If applicable) Official Position of Defendant: Lieutenant

(If applicable) Defendant is Sued in ___X___ Individual and/or ___X___ Official Capacity

Address of Defendant: Attica Correctional Facility
639 Exchange Street, Attica, New York 14011-0149

---

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.    Have you begun any other lawsuits in state or federal court dealing with **the same facts involved in this action?**
      Yes _X_    No ____

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:
      Plaintiff(s): RANDY WILLIAMS 18 B 1836
      Defendant(s): ANTHONY J. ANNUCC, Commissioner
      Dept of Corrections

2.    Court (if federal court, name the district; if state court, name the county): Albany County
      Court

3.    Docket or Index Number: Index NO. 10043-21

4.    Name of Judge to whom case was assigned: Hon. Justin Corcoran

DEFENDANT'S INFORMATION ... Continued

NAME OF DEFENDANT: ANTHONY RODRIGUEZ
Official Position: Director, Special Housing Units, Disciplinary program
Defendant is Sued in Individual and Official Capacity
Address of Defendant: Department of Corrections and
Community Supervision, 1220 Washington Avenue,
Albany, New York 12226

NAME OF DEFENDANT: ANTHONY J. ANNUCCI
Official Position: Acting Commissioner, DOCCS
Defendant is Sued in Individual and Official Capacity
Address of Defendant: Department of Corrections and
Community Supervision, 1220 Washington Avenue, Albany,
New York 12226

NAME OF DEFENDANT: DANIEL T. KACZMAREK, JR.
Official Position: Lieutenant
Defendant is Sued in Individual and Official Capacity
Address of Defendant: Attica Correctional Facility
  639 Exchange Street, Attica, New York 14011-0149

NAME OF DEFENDANT: DANIEL M. LEONARD
Official Position: Lieutenant
Defendant is Sued in Individual and Official Capacity
Address of Defendant: Attica Correctional Facility,
  639 Exchange Street, Attica, New York 14011-0149

NAME of DEFENDANT; JASON ZIOLKOWSKI
Official Position; Correctional Officer
Defendant is sued in: Individual and official Capacity
Address of Defendant: Attica Correctional Facility
 639 Exchange Street, Attica, New York 14011

5.   The approximate date the action was filed: _December 7, 2021_

6.   What was the disposition of the case?

      Is it still pending? Yes _X_ No____

         If not, give the approximate date it was resolved._____

      Disposition (check the statements which apply):

      ____ Dismissed (check the box which indicates why it was dismissed):

         ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

         ____ By court for failure to exhaust administrative remedies;

         ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

         ____ By court due to your voluntary withdrawal of claim;

      ____ Judgment upon motion or after trial entered for

         ____ plaintiff

         ____ defendant.

B.   Have you begun **any other lawsuits in federal court** which **relate to your imprisonment**?

      Yes____ No _X_

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:

      Plaintiff(s):_____

      _____

      Defendant(s):_____

      _____

2.   District Court:_____

3.   Docket Number:_____

4.   Name of District or Magistrate Judge to whom case was assigned:_____

      _____

5.   The approximate date the action was filed:_____

6.   What was the disposition of the case?

      Is it still pending? Yes____ No____

         If not, give the approximate date it was resolved._____

3

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

       ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

       ____ By court for failure to exhaust administrative remedies;

       ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

       ____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

    ____ plaintiff

    ____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983.  (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action.  You **must** include a statement of the facts which you believe support each of your claims.   In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

A. **FIRST CLAIM:** On (date of the incident) October 14, 2021
defendant (give the **name and position held** of **each defendant** involved in this incident) GARY A. SPENGLER,
Lieutenant, DANIEL T. KACZMAREK, JR. Lieutenant,
SEAN P. WHITE, Deputy Superintendent, (ATTACHMENT)
did the following to me (briefly state what each defendant named above did): SEE ATTACHMENT

The constitutional basis for this claim under 42 U.S.C. § 1983 is: First Amendment and
Equal Protection Clause
The relief I am seeking for this claim is (briefly state the relief sought): Compensatory and
Punitive damages and a Order preventing defendants
from unlawfully inhibiting or Circumscribing Petitioner
(ATTACHMENT)

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? _X_ Yes ____ No   If yes, what was the result? The claim
Was affirmed On November 19, 2021
Did you appeal that decision? _X_ Yes ____ No   If yes, what was the result? Still pending.
Albany County Court, Index NO. 10043·21

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

A. **SECOND CLAIM:** On (date of the incident) _____,
defendant (give the **name and position held** of **each defendant** involved in this incident) _____

The relief I am seeking for this claim ... Continued.

from engaging in constitutionally or statutorily protected conduct; expungement of this matter for all institutional records.

# COMPLAINT

A. **FIRST CLAIM:** On October 14, 2021, defendants GARY A. SPENGLER, Lieutenant, DANIEL T. KACZMAREK, JR. Lieutenant, JASON ZIOLKOWSKI, Correctional Officer, DANIEL M. LEONARD, Lieutenant, SEAN P. WHITE, Deputy Superintendent of Security, MICHAEL A. HILL, Deputy Superintendent of Programs, ANTHONY RODRIGUEZ, Director, Special Housing Unit, Disciplinary program and ANTHONY J. ANNUCCI, Acting Commissioner, took adverse action with retaliatory intent against me that was not an action taken in pursuit of any legitimate penological objective, for the exercise of my First and Fourteenth Amendment rights, to wit:

1. January, 2019 to October 14, 2021, I was a elected I.L.C. member at Attica Correctional Facility.

2. On or about 10/8/2021 an isolated incident occurred that prompted a brief facility lock-down at Attica Correctional Facility.

3. Several Correctional officers and Correctional Sergeants performed a search of the

entire D-block. This search consisted of every inmate cells.

4. During the search the Correctional officers destroyed inmates property, throwing food, stepping on inmates' bedding and personal property with their boots. The Correctional officers forced inmates to strip down to only their underwear and walk out on to the company in front of several individuals including female staff.

5. While standing on the company in my boxer shorts, I continuously attempted to explain to the Sergeant, Charles Guzdek, that this is outrageous and appalling that staff is forcing every one to stand in and on the gallery barely nake while the officers are destroying our personal property.

6. On October 14, 2021 I attended a scheduled call-out for I.L.C. Members in the school building.

7. While at the call-out, at approximately

11:15 A.M. I.L.C. Chairman R. White joined me in the school building.

8. I presented Two letters that were addressed to Executive Deputy Commissioner Daniel Martuscello, III and Deputy Commissioner James O'Gorman, to ILC Chairman White to read. (See, Appendix B) *

9. The letters were prepared for the inmate population, specifically D-block inmates addressing the deplorable almost unimaginable situations at Attica.

10. I.L.C. Chairman White, expressed that he also wanted copies for the unprofessional behavior with Staff in E-block that he is assigned to.

11. Docc's Civilian and school Secretary Erica L. Obermiller Makes photo-copies of documents for the I.L.C. Members. This is required because the copying Machine is located in a office space that inmates are not allowed unsupervised.

12. I.L.C. Chairman White took the two letters to Ms. Obermiller for copying along with other documents.

13. I.L.C. Member White soon thereafter came back to the Classroom with the copies of the letters.

14. While in the classroom I notice ILC White standing in the classroom door way talking to Ms. Obermiller, asking her why did she keep a copy of ILC documents.

15. Ms. Obermiller ignored ILC White and contacted the area Supervisor. At the time, the area Supervisor was Sergeant Charles Guzdek. (It should be noted that Sgt. Guzedek was named in the complaint letters) (Appendix B)*

16. At approximately 11:40 A.M. the school building was Closing and all inmates were reporting back to their Cells for the afternoon Count.

17. I returned to My housing block, D-block and ILC Member White returned to E-block with the copies of the complaint letters to the Deputy Commissioners.

**\*** Appendix B ( Letters addressed to Deputy Commissioner Daniel Martuscello and Deputy Commissioner James O'Gorman have been denied by DOCCS' staff to Petitioner via FOIL Request)

18: At approximately 6:50 p.m. two correctional officers came to my cell on D-block to inform me that I was going to Special Housing Unit ("SHU").

19. I ask the officer why was I going to SHU, and he responded that it was because of something that happened in the school building, and that this order is coming from someone in the administrative building.

20. I was escorted to SHU soonthereafter.

21. While entering SHU, I asked the SHU officers who authorize me to be moved to SHU. It was explained that only the Watch Commander and higher can authorize such confinement. Defendant Gary A. Spengler Lt, whom was also the acting captain on the incident date. And Defendant Daniel T. Kaczmarek, Jr. Lt. was the Watch Commander. (Appendix C)

22. On or about October 15, 2021 I wrote the Defendant Daniel M. Leonard Lt. requesting to be reviewed for release from

SHU per Docc's policy and procedures. Defendant never responded to my correspondence. (Appendix D) 2 of 2

23. I wrote several letters to Defendant Sean P. White, Deputy of Security, requesting prompt investigation into the actions of myself on October 14, 2021. Further letters were sent to Defendant Sean P. White apprising him of the illegal confinement to SHU, deplorable conditions within SHU and violation of my civil rights. To no avail. (Appendix D)

24. Defendant Michael A. Hill, was assigned to conduct a tier 3 hearing held on October 20, 2021.

25. I was charged with violating Docc's inmate rules, 104.12 Demonstration, 114.10 Smuggling and 107.20 false statements or Info, Misbehavior report authored by Defendant Gary A. Spengler, Lt., acting Captain. (Appendix E)

26. While at the hearing, Defendant Michael A. Hill called defendant Gary A. Spengler to testify. At the hearing it was revealed that defendant Jason Ziolkowski was instructed to search my cell and ICC member White cell for the

extra copies of the complaint letters to the
Deputy Commissioners.

27. Defendant Gary A Spengler, stated at the hearing,
among other things, that he investigated the
matter, wrote the ticket/misbehavior report on
10/16/2021, and that white and I was attempting
to organize a mass demonstration by means of a
form letter sending campaign. (Appendix E)

28. I explained at the hearing that this is a false
misbehavior report in retaliation for the leadership
in filing complaints to the Deputy Commissioners
protesting the prison conditions. I requested that
defendant Michael A. Hill, the hearing officer read
into the record that the tier 3 proceeding was
contrary to Correction Law Section 138 (4),
U.S. Constitution First Amendment and
Abdur-Raheem vs. Goord, 244 A.D.2d 937, which
prohibit the action taken by the defendants.

29. Defendant Michael A. Hill, found me guilty of all
the charges and sentenced me to 83 days in SHU
and loss of packages, commissary recreation and phone.

30. I wrote several letters to Defendants
    Anthony J. Annucci and Anthony Rodriguez
    apprising them of clear violation of my
    First Amendment and Fourteenth Amendment.
    by their subordinates. those letters to
    defendants outlined the SHu placement
    being reprehensible and utterly inappropriate,
    and that their failure to intervene that they
    implicitly authorize, approve and knowingly
    acquiesced in the unconstitutional conduct
    of the subordinates.

31. Defendant Sean P. White, failed to investigate
    my letters to him complaining of red linear
    abrasions encircling wrists from handcuffs.

32. Defendant Anthony Rodriguez, affirmed the
    Superintendents hearing on November 19, 2021.

33. On November 4, 2021, I was transferred to
    Southport Correctional facility to complete SHu
    sentence.

34. I was suppose to be release from SHu on
    January 10, 2022. I continue to be held

in SHU past that date, released on January 18, 2022.

35. Noteably, defendant Gary Spengler, acting Captain on the incident date, unambiguously, explicitly manipulated the entire incident/situation by using his position to encourage the named defendant(s) to knowingly and directly retaliate against me for engaging in unquestionable constitutionally protected conduct as a I.L.C. member, to wit: assisting the inmate population file complaints to Department of Corrections and Community Supervisions' Deputy Commissioners.

36. Thus, defendant Gary A Spengler statement in the Misbehavior report that "he has determined this conduct to be detrimental to the order of the facility", was absurd and equivocating.

did the following to me (briefly state what each defendant named above did): _____

_____

_____

_____

_____

_____

_____

_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _____

_____

The relief I am seeking for this claim is (briefly state the relief sought): _____

_____

_____

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _____ Yes _____ No    If yes, what was the result? _____

_____

Did you appeal that decision? _____ Yes _____ No    If yes, what was the result? _____

_____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Compensatory and punitive damages and a Order from the Court preventing defendants from unlawfully inhibiting or circumscribing Petitioner from engaging in constitutionally or statutorily Protected conduct.

Do you want a jury trial? Yes X  No____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___January 31, 2022___
                              (date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_Randy Williams_

_____

Signature(s) of Plaintiff(s)

7

## V E R I F I C A T I O N

I, **RANDY WILLIAMS,** 18-B-1836, being duly sworn, states:

I am the Plaintiff/Petitioner in this action. I have read, and
I am familiar with the contents of the foregoing complaint filed
under the Civil Rights Act, 42 U.S.C. Sec. 1983, and the
contents thereof is true to my own knowledge, except as to
matters therein stated on information and belief and as to those
matters I believe them to be true.
I declare under the penalty of perjury that the foregoing is
true and correct.

Execute on: January 31, 2022


_____
Plaintiff

# *Appendix A*

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

REVIEW OF SUPERINTENDENT'S HEARING

NAME:  WILLIAMS, RANDY                    NO.  18B1836

HEARING FACILITY:  ATTICA

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

OCTOBER 20, 2021,   HAS BEEN REVIEWED AND AFFIRMED ON NOVEMBER 19, 2021.

A. RODRIGUEZ
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES

APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

STATE OF NEW YORK
SUPREME COURT                           COUNTY OF ALBANY
_____

In the Matter of the Application of

RANDY WILLIAMS, #18-B-1836,

                                    Petitioner,

       -against-                         **ORDER TO SHOW CAUSE**

                                         Index # 10043-21

ANTHONY J. ANNUCCI, DEPARTMENT OF
CORRECTIONS, COMMISSIONER,

                                    Respondent(s).

For a Judgment Pursuant to Article 78
of the Civil Practice Law and Rules.
_____

Supreme Court, Albany County,

HON. JUSTIN CORCORAN, SUPREME COURT JUSTICE PRESIDING

APPEARANCES:   RANDY WILLIAMS
               Petitioner Pro Se

       This ex parte matter was referred to my attention at a
Part I Term, Supreme Court, at Albany County.

       Upon reading of the Petition, sworn to the 30th day of
November, 2021;

       LET respondents show cause at a Special Term of the
Supreme Court, to be held in and for the County of Albany, on
**February 4, 2022**, at the Albany County Courthouse, at Eagle and
Columbia Streets, Albany, New York 12207, at 9:30 o'clock in the
forenoon thereof WHY the relief requested in the Petition should
not be granted, it is

       ORDERED, that service of a copy of this signed Order to
Show Cause, the petition, exhibits and any supporting affidavits,
by ordinary First Class Mail, upon each named respondent at their
respective address and upon the Attorney General for the State of
New York, at the Department of Law, State Capitol, Albany, New York
12224, on or before **December 30, 2021**, shall be deemed adequate.

       It is petitioner's responsibility to:

       (a)   Serve his/her papers as authorized above or by
personal service.   The grant of poor person relief does not
authorize the assignment or appointment of counsel, nor does it
authorize the Clerk's Office to provide photo-reproduction services
or service of papers on behalf of a pro se litigant, as these

services are not statutorily authorized under a grant of poor person relief (CPLR §1102).

(b)    Submit all papers upon which he is relying, including the signed Order to Show Cause **and** the Petition, together with two copies of a Request for Judicial Intervention (RJI) Form and the **original proof of service**, to the **Albany County Supreme Court, Room 102, Albany County Courthouse, Albany, NY 12207** at least <u>eight</u> (8) days prior to the return date.

Answers/or opposition papers are to be served at least five (5) days before the return date.

IT IS SO ORDERED!

Dated:    *December 7, 2021*
          at Albany, New York

                              _____
                              JUSTICE OF THE SUPREME COURT

# Appendix B



**NEW YORK STATE**

## Corrections and
## Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

February 7, 2022

Randy Williams 18B1836
D-22-14

RE: FOIL WDE-022-22 and WDE-031-22

Randy Williams:

Upon further review of records responsive to your foil request log number WDE-022-22, 4 pages of documents were found to be exempt from disclosure pursuant to 87(2)(f) - where, if disclosed, could endanger the life or safety of any person.

The memorandum authored by E. Obermiller is available with redactions pursuant to 87(2)(f) and 87(2)(g)- where records are inter-agency or intra-agency materials which are not statistical or factual tabulations, or external audits.

Your disbursement is being returned to you so you may review this notice. If you wish to have the memorandum the cost is $0.25.

Sincerely,

C. Ferron
Inmate Records Coordinator I
Wende Correctional Facility

CC: File

/cf

# Appendix C



## Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

November 26, 2021

**WILLIAMS, RANDY- 18B1836**
**SOUTHPORT CF.**

Re:    Request logged as FOIL # ATT-857-21

This is in response to your letter characterized as a New York State Freedom of Information Law request for: Name and title of the officer of the day and the watch commander from October 14th, 2021 7-3 shift and 3-11 shift

The Freedom of Information requires that we provide access to existing documents maintained by or on behalf of the Department.  It does not require that we prepare responses to specific questions.

Your letter does not request copies of existing documents, but rather poses questions which require that a response be prepared.  For this reason, your letter is not covered by the Department's Freedom of Information regulations.

If we have sent this response in error, and you are seeking clearly defined records, you may respond directly referencing this letter.

However, we did have someone check into this and the 7-3 Watch Commander was Lt. Stack, 3-11 the Watch Commander was Lt. Kaczmarek and the officer of the day was DSA Babin.

Sincerely,

J. Keenan
OA1
Inmate Records, Attica

CC:    FOIL Records

# Appendix D

To: Mr. S. White, Dep Supt. of Security
Fm: RANDY WILLIAMS # 18 B 1836
Dte: October 16, 2021
Loc: RB - BE - 20 Cell

Re: Inappropriate SHU assignment

Mr. White,

On October 14, 2021 at approximately 6:45pm I was placed in SHU. I was told I was being placed in SHU because I was involved with making copies of complaint letters addressed to the Deputy Commissioner. As you are aware, to place me in SHU for such act is extremely illegal and against Correction Law Section 138 (4). I am requesting immediate investigation and release from SHU. Thank you.

Respectfully,

cc:

November 2, 2021

Mr. Anthony J. Annucci,
Acting Commissioner
Dept. of Corrs & Community Supv.
1220 Washington Ave.
Albany, N.Y. 12226

RE: Superintendent's Hearing 10/20/21, Retaliation
violation of Corrections Law Sec. 138 (4)
1st Amendment U.S. Constitution.


Dear Mr. Annucci:

I have wrote you several letters and have not received
any response. Attica staff are blatantly violating clearly
established state and federal laws. Staff are retaliating
against me as a ILC member for assisting other
inmates file complaints with Dep. Commissioners
O'Gorman and Martuscello III. The C.O's are destroying
inmates property, denying us recreation and phone
privileges. The Superintendents office is failing to
investigate properly. Lt. Spengler has went beyond
his duty to write me a misbehavior report
pertaining to these letters which is absurd
and highly illegal. Because of the illegalness,
violation of established state and federal law
I am requesting to be removed from situ.

I have wrote DSS White several letters and have received no response. I have wrote plenty of people regarding this issue and no responses. I therefore, wrote the NYS Senator. The treatment I am receiving is inhumane and taking a strong effect on my physical and Mental Wellbeing. Everytime I go to the shower the staff put the handcuffs on my wrist so tight it has cause abrasions and dark marks. The C.O. would not let me see the nurse because this matter was not life threatening as he put it. I am asking for your prompt involvement immediately. Thank you.

Randy Williams
#18131836
Attica corr. Fac.
639 Exchange St.
Attica, N.Y. 14011

CC:

To: Sean White, Dep. Supt. of Security

fm: RANDY WILLIAMS #18-B-1836

Dte: October 19, 2021

Loc: BE-20

RE: Last correspondence/discretionary review.

Mr. White,

I have wrote complaints to you and the grievance office regarding the conditions in SHU and the treatment I am receiving. It is extremely cold and the heat is not working. Directive 4933 states that I am to receive my property in 72 hours. I still have not received my property. I was further advised by other inmates that the staff be tampering with inmates outgoing mail. I'm not sure if you are receiving my mail. I am not receiving any response from you pertaining to my letters and asking that you investigate these matters.

R. Will

CC:

To: Lt. Leonard
FM: RANDY WILLIAMS #18B1836
Dte: October 17, 2021
Loc: BE-20
RE: SHU.

Lt. Leonard:

I was advised by the SHU sergeant that you
are the review officer of misbehavior reports and
you are the one that make the decision if an
inmate is no longer a threat to security or others.
With that being said, I pose no threat now, in
the past or future. My institutional record supports
this. I am asking please to be allowed to
be removed from SHU. This conditions in SHU
are deplorable and unjustified in the instant
matter. Thank you for your time.

R. Wett

CC;

# A P P E N D I X  D

## 2 of 2



**NEW YORK STATE** | **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

November 12, 2021

Incarcerated Individual Randy Williams
18-B-1836
Southport Correctional Facility
236 Bob Masia Drive
P.O. Box 2000
Pine City, NY 14871-2000

Incarcerated Individual Williams:

Acting Commissioner Annucci has asked me to respond to your letters to him regarding your Superintendent's Hearing of October 20, 2021.

Be advised your appeal was received by the Office of Special Housing/Incarcerated Individual Disciplinary Programs on October 25, 2021. Therefore, I have forwarded your letters to Director Rodriguez in that office to supplement your pending appeal. A review will be conducted in accordance with established procedures and you will be advised directly of the results.

Sincerely,

Joseph H. Noeth
Deputy Commissioner for Correctional Facilities

cc:    Superintendent Piccolo, Southport Correctional Facility
       Director Rodriguez, Office of Special Housing/Incarcerated Individual Disciplinary Programs
       Central Files

**CHAIR**
CRIME VICTIMS, CRIME & CORRECTION
WOMEN'S ISSUES

**COMMITTEE MEMBER**
BUDGET & REVENUE
CHILDREN & FAMILIES
FINANCE
HEALTH
HOUSING, CONSTRUCTION &
COMMUNITY DEVELOPMENT



**SENATOR**
**JULIA C. SALAZAR**
18TH SENATORIAL DISTRICT
STATE OF NEW YORK

**ALBANY OFFICE:**
514 STATE CAPITOL
ALBANY, NY 12247
PHONE: 518-455-2177

**DISTRICT OFFICE:**
212 EVERGREEN AVENUE
BROOKLYN, NY 11221
PHONE: 718-573-1726

**Website:**
salazar.nysenate.gov

November 16, 2021

Randy Williams, 18-B-1836
c/o Southport Correctional Facility
P. O. Box 2000
236 Bob Masia Dr.
Pine City, NY 14871

Dear Mr. Williams,

We received your November 10, 2021 letter today.

Senator Salazar is out of the office and unreachable today as she is visiting another correctional facility. I am her Counsel and wanted to get out a quick response to you.

The events you describe are troubling and alarming. I will share this with the Senator as soon as I can. My expectation is that we will contact the Commissioner's office on your behalf and let them know of the information you shared and the Senator's interest in having these issues addressed and your rights protected. I will let you know when we send something to the Commissioner's office.

Please keep us informed about the situation.

Thank you.

Very truly yours,

Mark S. Mishler, Esq.
Counsel & Legislative Director
Office of Senator Julia Salazar
mishler@nysenate.gov

# *Appendix E*

FORM 2171A (1/12)                STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
Side 2

## ATTICA _____ Correctional Facility

### INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦NÚM. | HOUSING LOCATION ♦CELDA |
|---|---|---|
| Williams, R. | 18B1836 | D-39-13 |

| 2. LOCATION OF INCIDENT ♦LUGAR DEL INCIDENTE | INCIDENT DATE ♦FECHA | INCIDENT TIME ♦HORA |
|---|---|---|
| Academic School | 10.14.2021 | Approx. 11:40am |

3. RULE VIOLATION(S) ♦VIOLACIÓN/ES

| | |
|---|---|
| 104.12 Demonstration | 107.20 False Statements Or Info. |
| 114.10 Smuggling | |

4. DESCRIPTION OF INCIDENT ♦DESCRIPCIÓN DEL INCIDENTE

On 10/14/21, a facility investigation was initiated after documents were forwarded to my office for review. These documents were two, typed, unsigned letters. One was addressed to "Mr. James O'Gorman, Deputy Commisioner." One was addressed to "Mr. Daniel F. Martuscello, III, Executive Deputy Commisioner." The letter addressed to Mr. O'Gorman contains complaints about facility operations on or around 10/8/21. The letter addressed to Mr. Martuscello contains complaints about facility operations during "the past month." Both letters specifically named and complained about the individual performance of Sergeant Guzdek. The letters forwarded to my office were copies made by OA1 Obermiller on 10/14/21 at the request of Incarcerated Individual White 16A1883 (50-11), ILC President. Attached is a memorandum authored by OA1 Obermiller reporting that White had secreted the pages of the letters in question (4 pages total) by randomly placing them in a stack of apparently innocuous unrelated documents (such as an Inmate Welfare Fund account balance statement from 2018.) I reviewed facility monitoring system footage of the Academic School on 10/14/21. White is seen entering the Academic School empty handed. White proceeds to Classroom #20 where ILC Member I/I Williams 18B1836 (39-13) is present. They are clearly heard discussing D-Block staff and the events of October 8 in D-Block. At approximately 11:39am, the two are heard discussing how to trick OA1 Obermiller into making copies of the letters for them. Williams is heard stating to White, "If she read it, she aint gonna do it," and, "I don't want her to read it." At approximately 11:40am, White is heard stating to Williams, "You can't put the letters at the bottom. No, you gotta blend it in, you know, make it look aight," effectively directing Williams to smuggle the letters within the stack of documents. Williams obeyed this direction and arranged the documents accordingly. A moment later as White exits the room, he is heard stating to Williams "I'm a go chance it right now." At 11:41am, White enters OA1 Obermiller's office and requests that 5 copies of the deceitfully arranged stack be made. White lies to OA1 Obermiller about the nature of the request for copies in accordance with the plan that both Williams and White had connived together moments earlier. CONTINUED>>>

| REPORT DATE ♦FECHA | REPORTED BY ♦NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦FIRMA | TITLE ♦TÍTULO |
|---|---|---|---|
| 10.16.2021 | G. Spengler | G. Spengler | Act. Capt. |

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)          SIGNATURES:

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)          FIRMAS:     1. Erica + Obermiller

2. J. _____ OFFICER          3.

NOTE:  Fold back Page 2 on dotted line before completing below.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DATE AND TIME SERVED UPON INMATE _____          NAME AND TITLE OF SERVER _____

FECHA HORA DADO AL RECLUSO _____          NOMBRE Y TITULO DEL QUE ENTREGA _____

You are hereby advised that no statement made by you in response to the charge or information derived therefrom may beb used against you in a criminal proceeding.  ♦  Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

### NOTICE ♦ AVISO

REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held.  ♦Por este medio se le notifica que el informe anterior es un carge formal el cual se considerará y determinará en una audiencea a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals.  ♦Se le permitirá al recluso llamar testigos con tal de que al hacerio no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement.  ♦Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

Distribution: WHITE - Disciplinary Office   CANARY - Inmate (After review)  ♦  Distribución: BLANCA - Oficina Disciliaria   AMARLLIA - Recluso (después de la resión)

Form 2171C (2/01)

State of New York - Department of Correctional Services

Attica Correctional Facility

**Inmate Misbehavior Report ~ Informe De Mal Comportamiento Del Recluso**
**Supplementary Sheet ~ Hoja Suplementaria**

| 1. Name of Inmate (Last, First) ~ Nombre Del Recluso (apellido, nombre) | No. ~ Num | Housing Location ~ Celda |
|---|---|---|
| Williams, R. | 18B1836 | D-39-13 |

Williams was an accessory to White's smuggling of the typed letters within a stack of innocuous documents to trick OA1 Obermiller into making copies that he knew she would reject if the documents' true nature was known to her; and an accesory to Whites' blatent lie to her about the documents' purpose when overtly asked why the copies were necessary. The original copies of the letters were confiscated from White's cell on 10/15/21 by Officer Ziolkowski. The letters do not bear the signature of either White nor Williams, and are clearly form letters intended to be copied, mass-distributed, and each copy signed by some other incarcerated individual, respectively. The Incarcerated Individual Liaison Committee is established to provide effective communications between the incarcerated population and administration for accurate dissemination and exchange of information, and as a means to facilitate consideration and analysis of suggestions from incarcerated individuals relative to facility operations. Individual employees or incarcerated individuals and their problems are not to be discussed at committee meetings. The nature of the letters in question clearly violates the rules, goals, and spirit of the I/ILC. Not only are discussions of problems with individual employees (such as Sergeant Guzdek) specifically prohibited in I/ILC Committee meetings, but White and Williams have abused their I/ILC privileges to circumvent the I/ILC process itself by attempting to organize a mass demonstration by means of a form letter sending campaign rather than bring the issues to the Superintendent's attention via the Constitutionally approved committee process. I have determined this conduct to be detrimental to the order of the facility. Williams was admitted to RB-BE-20 pending disciplinary.

| 10/16/2021 | G. Spengler | _G. Spengler_ | Act. Capt. |
|---|---|---|---|
| Report Date ~ Fecha | Reported by ~ Nombre De La Persona Que Hace El Informe | Signature ~ Firma | Title ~ Titulo |

Endorsement of other employee Witnesses (if any)
Endosos de otros Empleados Testigos (si hay)

| 1 | _signature_ | OFFICER |
|---|---|---|
| | Signature ~ Firma | Title ~ Titulo |
| 2 | _signature_ | OA1 |
| | Signature ~ Firma | Title ~ Titulo |

OCT 18 2021

Dist: WHITE - Disciplinary Office  CANARY - Inmate (After Review)

WENDE CORRECTIONAL FACILITY
3040 WENDE RD., PO BOX 1187
ALDEN, NY 14004-1187

INMATE NAME/NUMBER

Randy Williams 18-B-1936

USDC - WDNY

FEB 2 4 2022

No
Funds
Were
Enclosed

Clerk of The

U.S. District

Western District

U.S. Courthouse

2 Niagara Squa

CORRECTIONAL FACILITY

WENDE

NEOPOST
02/22/2022
US POSTAGE $