UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Randy Williams,** | |
| Plaintiff, | **DECISION and ORDER** |
| v. | |
| **Sean White, et al.,** | 22-cv-6093-EAW-MJP |
| Defendants. | |

## INTRODUCTION

**Pedersen, M.J.** Many *pro se* plaintiffs ask this Court for an attorney. And many undoubtedly need an attorney's help. But there are few attorneys the Court can appoint and far, far more *pro se* parties who would like one. The Court must be careful when appointing counsel and will appoint counsel only in limited situations.

This is not one of those limited situations. So far, Williams has shown he is able to represent himself and investigate his case. And it is still too early to determine how complex his case will be. Thus, the Court **DENIES** Williams' second motion for appointment of counsel without prejudice. (ECF No. 21, Oct. 13, 2023.)

## PROCEDURAL HISTORY

Williams sued officials of Attica Correctional Facility and DOCCS, filing his initial complaint on February 24, 2022. (ECF No. 1.) He alleges First Amendment retaliation and violation of his right to equal protection under the Federal Constitution. (Am. Compl. at 12 & ¶¶ 24–25, ECF No. 9.) The Honorable Elizabeth

1

A. Wolford, Chief Judge, provides a full background of Williams' case in her decision dated June 12, 2023. (ECF No. 10.)

In that decision, Chief Judge Wolford denied Williams' first motion for an attorney. (*Id.* at 9–10 (discussing ECF No. 7, Jan. 5, 2023).) Chief Judge Wolford reasoned: "At this stage of the proceeding, where Defendants have neither been served nor filed an answer, the Court lacks sufficient information" to determine if counsel should be appointed. (*Id.* at 10.) Very little, if any, additional information is available to the Court now.

Despite little change, Williams brought this motion for counsel on October 13, 2023. (ECF No. 21.) Williams asks for an attorney's help for two reasons. First, Williams points to Chief Judge Wolford's reasoning that "the Court lacks sufficient information" to determine if counsel should be appointed. (*Id.*) In his second motion to appoint counsel, Williams states that "[t]he defendant(s) via their attorney ha[ve] answered [the] amended complaint. Everyone has view[ed] said complaint and defendants continuously and adamantly deny said al[l]egations with demands for trial." (2d Mot. to Appoint Counsel ¶ 4, ECF No. 21 (alterations added).) Williams appears to argue that because Defendants have answered the complaint and demanded a trial, the Court may have new reasons to grant him an attorney. But the only real addition to this case is Williams' interrogatories. As the Court discusses below, they are well-prepared and show that—so far—Williams has been able to adequately represent himself.

Second, Williams states that the prison's "law library is ill[-]equip[p]ed with appropriate updated address[es] for attorneys that practice civil law." (2d Mot. to Appt Counsel ¶ 3(a), ECF No. 21 (alterations added).) To help Williams see if he can obtain an attorney, the Court will provide Williams with a list of attorneys and their contact information. That resolves Williams' second reason for having the Court appoint counsel.

## DISCUSSION

While a criminal defendant always has a right to counsel if he or she cannot afford one, there is no constitutional right to counsel for poor plaintiffs or defendants in civil cases. In rare cases, the Court may appoint an attorney to help a *pro se* party. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). There are far more requests for attorneys than the Court can provide. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) ("Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily."). The Court should carefully consider the law before granting a *pro se* party an attorney.

Here, on the law, Williams' motion should be denied. The law requires the Court to assess several factors. Williams has, so far, been able to represent himself—as his interrogatories and amended complaint show. And it is not yet clear that Williams' case is overly complex.

First, the Court asks if the *pro se* plaintiff's "position seems likely to be of substance." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Put simply, the Court looks at if the *pro se* party has claims that could succeed. The Court believes Williams' allegations

satisfy this requirement. Williams amended complaint includes facts that suggest retaliatory motive.

The Court next asks if the *pro se* party has the resources to investigate facts about their claim. The Court notes that Williams has sent Defendants a set of interrogatories that show he must have some access and ability to investigate facts about his claims. This factor favors denying Williams' request.

Third, the court asks if conflicting evidence will require the *pro se* party to cross-examine witnesses. So far, the Court has not seen any conflicting evidence. It is not clear that Williams will have to cross-examine witnesses. This factor favors denial of Williams' request.

Fourth, the Court also asks if the case involves complex legal issues. Here, Williams' complaint is "detailed" and "adequately describes the events that allegedly led to his injuries." *Nelson v. McGrain*, No. 12-CV-6292, 2017 WL 4155420, at *3 (W.D.N.Y. Sept. 19, 2017). So far, Williams' "claims do not appear to be unusually complicated and the legal issues alleged are not so complex as to make it impossible for plaintiff to proceed without counsel." *Id*. (discussing First Amendment retaliation claims). This likewise favors denial.

Finally, the Court asks if an attorney's help would increase the chances "of a just determination." *Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004). Again, Williams "has not demonstrated any marked difficulties in presenting his case and there is no indication that he lacks the ability to do so." *Id*. To the contrary, his recent interrogatories show he is "sufficiently knowledgeable and equipped to

understand and handle th[is] litigation." *McGrain*, 2017 WL 4155420, at *3 (alteration added). Given that the weight of these factors favors denial, the Court denies Williams' motion for appointment of counsel.

## CONCLUSION

For these reasons, the Court **DENIES** without prejudice Williams' second motion to appoint counsel. (ECF No. 21.) Williams may renew this motion in the future if he believes he would benefit from the assistance of counsel.

**IT IS SO ORDERED.**

Dated:   October 30, 2023
         Rochester, NY

_____
MARK W. PEDERSEN
United States Magistrate Judge